Holcomb *v.* Holcomb.

---

SAME TERM.  *Before the same Justice.*

C. HOLCOMB *vs.* A. L. HOLCOMB and PERRY.

It is a general rule that besides the parties to a mortgage, those only are proper parties to a suit for the foreclosure thereof who have, subsequent to the date of the mortgage, acquired rights or interests under the mortgagor or mortgagee. *Per* HARRIS, J.

The plaintiff *may* also make prior incumbrancers parties to the bill, for the purpose of having the amount of such incumbrances liquidated, and paid out of the proceeds of the sale; or he may, at his election, have the premises sold subject to such prior incumbrances. *Per* HARRIS, J.

A mortgagee, in filing a bill of foreclosure, has no right to make a person who claims

adversely to the title of the mortgagor, and prior to the mortgage, a defendant in the suit, for the purpose of contesting the validity of such adverse claim of title.

In 1835, A. L. H. became the owner of a farm of 141 acres, subject to a right of dower therein, in favor of C. H. While he was such owner, a judgment was recovered against him in favor of V. R., which became a lien upon the farm. In Sept. 1840, A. L. H. and C. H. the doweress, joined in a deed of the farm to W., which contained a covenant that the premises were *free and clear of and from all charges and incumbrances,* except the reservations in the original lease of the farm. W. thereupon re-conveyed to C. H. 30 acres of the farm, which it was agreed she should receive in satisfaction of her dower. In December, 1840, W. executed a mortgage upon the remainder of the farm, to P.; and the mortgaged premises being sold under a decree of foreclosure, in October, 1842, P. became the purchaser. On the 20th of September, 1842, C. H. sold her 30 acres to A. L. H., and took from him a mortgage thereon, to secure the purchase money. P., having obtained the control of the V. R. judgment, caused the 30 acres to be sold thereon, in June, 1843, and at the sale he became the purchaser. On a bill filed by C. H. against A. L. H. and P. to foreclose the mortgage given by A. L. H. for the purchase money of the 30 acres, *Held* that the deeds executed in September, 1840, were to have the same effect as if, instead of conveying the whole farm to W., the plaintiff and A. L. H. had only conveyed to him the 111 acres which it was intended he should have, and at the same time A. L. H. had conveyed to the plaintiff the 30 acres.

*Held also,* that the plaintiff, by her covenant that the land conveyed to W. was free and clear of all charges and incumbrances, had deprived herself of the right which she otherwise would have had, to a contribution from W., or from P. who stood in his place, towards the payment of the judgment under which the 30 acres were sold, according to his equitable proportion thereof.

*Held further,* that the effect of that covenant was not only to release any claim which C. H. might have had against W., or those holding under him, on account of the judgment, but also to render her liable to indemnify W. and his grantees, against that judgment. That consequently the 30 acres conveyed to C. H. were, in equity, first chargeable with the payment of the judgment; and that C. H. was not entitled to any relief against P.

A party to an instrument, in the absence of fraud or deception, is always to be presumed to have intended what the instrument itself imports.

In Equity. This was a bill to foreclose a mortgage executed by the defendant Aretus L. Holcomb, to the plaintiff. In 1835 Azariah Holcomb died, seised of a farm of 141 acres in the town of Sand Lake, Rensselaer county, and leaving the plaintiff, his widow, entitled to dower in the farm. The defendant A. L. Holcomb, having purchased the interest of the heirs of Azariah Holcomb, became the owner of the farm, subject to the widow's right of dower. On the 9th of January, 1835, Ste-

phen Van Rensselaer recovered a judgment against A. L. Holcomb for $283,21, which became a lien upon the farm. On the 19th of September, 1840, A. L. Holcomb and the plaintiff executed to William Williams a deed of the farm with a covenant "*that the premises were free and clear of and from all charges and incumbrances of every name and nature whatever,* except the reservations in the original lease of the farm." At the same time Williams re-conveyed to the plaintiff 30 acres of the farm, which it was agreed she should receive in satisfaction of her right of dower. On the 19th of December, 1840, the defendant Aaron Perry loaned to Williams $1200, and, as security, took a mortgage upon the remainder of the farm conveyed to Williams. At the time he took the mortgage, Perry was informed that the 30 acres had been conveyed to the plaintiff, for her dower. The mortgaged premises were sold under a decree of foreclosure on the 25th of October, 1842, and Perry became the purchaser. On the 20th of September, 1842, the plaintiff sold her 30 acres to A. L. Holcomb, and received from him a mortgage upon the premises to secure $600, which was the amount of the purchase money. Perry having obtained the control of the Van Rensselaer judgment, caused the 30 acres to be sold upon that judgment, on the 28th of June, 1843 ; at which sale he became the purchaser, and on the 17th of October, 1844, he received a deed from the sheriff.

*J. Holmes,* for the plaintiff.

*H. P. Hunt,* for the defendant Perry.

HARRIS, J. I think the position taken by the counsel for the defendant Perry, that the bill is not properly framed for the purpose of litigating his title to the premises in question, is well taken. The bill is an ordinary bill to foreclose a mortgage. It contains the usual allegation that Perry is made a defendant as a subsequent purchaser or incumbrancer, and yet it is sought to divest him, by the decree in this cause, of a title which he claims to hold adversely to the parties to the mortgage, and

which he acquired under a lien prior to the conveyance by the plaintiff to the mortgagee. It is a general rule that, besides the parties to the mortgage, those only are proper parties to a suit for its foreclosure who have, subsequent to the mortgage, acquired rights or interests under the mortgagor or mortgagee. The plaintiff *may* also make prior incumbrancers parties to the bill, for the purpose of having the amount of such incumbrances liquidated and paid out of the proceeds of the sale ; or he may, at his option, have the premises sold subject to such prior incumbrances. The object of the bill is to vest in the purchaser under the sale made by virtue of the decree of foreclosure, the same title which the mortgagor had at the time of the execution of the mortgage. The mortgagee, in filing a bill of foreclosure, has no right to make one, who claims adversely to the title of the mortgagor, and prior to the mortgage, a defendant in the suit for the purpose of contesting the validity of such adverse claim of title. (*Eagle Fire Co.* v. *Lent,* 6 *Paige,* 637.) In this case, if, instead of making Perry a defendant, under the general allegation that he claimed an interest in the premises, "as subsequent purchaser, incumbrancer or otherwise," the facts upon which the plaintiff relies, to defeat the title of the defendant Perry, had been alleged in the bill, he might, I think, have demurred to the bill upon the ground that the plaintiff had no right to bring him into court upon this bill of foreclosure, to try the validity of his title to the mortgaged premises.

But conceding that Perry is properly made a defendant, and that the validity of his claim may properly be determined in this suit, I think the plaintiff has failed to show herself entitled to any relief, as against him.

I agree with the plaintiff's counsel, that the deeds executed on the 19th of September, 1840, are to have the same effect as if, instead of conveying the whole farm to Williams, the plaintiff and A. L. Holcomb had only conveyed to him the 111 acres which it was intended he should have, and at the same time A. L. Holcomb had conveyed to the plaintiff the 30 acres which were in fact conveyed to her by Williams. In that case, if the plaintiff had not joined in the covenants contained in the deed

to Williams, both parcels of the farm would have been equally liable for the payment of the judgment against A. L. Holcomb, the grantor of each party, and the conveyances being simultaneous, neither could claim protection as against the other, as a prior alienee. Then Williams, or Perry who for this purpose stands in his place, would have been liable, if the plaintiff's 30 acres had been sold to pay the judgment, to have contributed his equitable proportion of the amount of the judgment.

But the plaintiff, by the covenant that the land conveyed to Williams was free and clear of all charges and incumbrances, has deprived herself of the right to contribution which she otherwise would have had. The effect of that covenant is not only to release any claim which she might have had against Williams, or those holding under him, on account of the judgment, but also to render her liable to indemnify Williams and his grantees against that judgment. If this be so, the 30 acres conveyed to the plaintiff were in equity first chargeable with the payment of the Van Rensselaer judgment. The court having the control of the execution issued upon that judgment, would, if applied to upon the facts which appear in this suit, have given the same directions which, it is alleged, were given by Perry in relation to the collection of that execution. The fact that the plaintiff, in case any part of the judgment had been collected by a sale of Williams' portion of the farm, would have been liable upon her covenant for the amount so collected, would have been a perfect answer to any claim by her that Williams' land was equally liable with hers for the payment of the judgment.

But it is insisted that the plaintiff, in executing the deed to Williams, did not intend to assume the payment of the Van Rensselaer judgment. It is not pretended that any fraud or imposition was practised upon her in the transaction. At any rate, none is shown. It may well be that the plaintiff was not aware of the full effect of the deed she executed; but no rule is better settled than that a party to an instrument, in the absence of fraud or deception, is always to be presumed to have intended what the instrument itself imports. On the whole, I

can see nothing in the facts of this case which, under any circumstances, would entitle the plaintiff to relief as against the defendant Perry. As against him, therefore, the bill must be dismissed with costs. The plaintiff is of course entitled to the usual decree of foreclosure against the other defendant,

SAME TERM.   *Before the same Justice.*