## LEANDER STONE *v.* PHILIP SMITH.

A mechanic's lien, filed under the statute (Laws of 1863, chap. 500, § 11), ceases after one year from the filing of the notice creating it, unless, before the expiration of the year, it is continued by order of the court in which proceedings have been commenced to foreclose the lien, and a new docket is made stating the fact of such continuance.

But where no proceedings for the foreclosure of the lien have been instituted within the year, the lien may be discharged by order of a judge of any court of record, upon due proof that the year has elapsed, that no proceedings have been had, and upon the certificate of the clerk that no notice of any proceedings have been filed with him. In all other cases the lien ceases after a year without any discharge by order of court.

A contractor having filed notice of a mechanic's lien, instituted proceedings of foreclosure, in which the plaintiff, a materialman, also a lienor, was made a party. Pending such proceedings, but nearly two years after the creation of the plaintiff's lien, the latter obtained an order of court continuing his lien. Subsequently the owner having settled with the contractor, obtained an order discharging the plaintiff's lien, on the ground that more than a year had elapsed without the commencement of foreclosure proceedings, and no notice of proceedings had been filed: *Held*, that the first order continuing the plaintiff's lien was unauthorized, it not having been made within the year; and the second order accomplished nothing, because the plaintiff's lien was already discharged, through his omission to obtain and enter an order of continuance within the year, and have a new docket made stating the fact of such continuance.

The statute is imperative, and vests no discretion in the judge to continue or discharge a lien after the expiration of a year from the date of filing the notice.

APPEAL from an order. The plaintiff filed notice of a lien as a materialman, on the 30th of May, 1867. The first contractor having a lien, instituted proceedings in this court to enforce it, in which proceedings the plaintiff, by order of the court, was made a party, and filed a written statement of his claim. On the 24th of May, 1869, nearly two years after the creation of the lien, the plaintiff obtained an order from Judge Brady that the lien be continued, which, though filed with the county clerk, was lost without being entered. On the 10th of June, 1869, the owner having settled with the first contractor, and procured the discharge of his lien, applied to Judge Barrett for an order discharging the plaintiff's lien, upon due proof that nearly two years had elapsed without the commencement of any proceedings by the plaintiff to enforce it, and the certificate of the county clerk that no notice of any action or proceeding had been received by, or filed with him ; which order was made, and on the 22d of June, 1869, Judge Brady, upon motion, vacated Judge Barrett's order, and directed that the first order made by him should have full force and effect, from which last-named order the defendant appealed.

*James W. Culver*, for appellant.

*R. L. Larremore*, for respondent.

BY THE COURT.—DALY, F. J.—It was held by Judge Loew, at the special term, in *Matthews* v. *Daley*, (special term, January, 1870),* that by the terms of the 11th section of the act

---

* MATTHEWS *v.* DALEY.—This motion was for an order directing the county clerk to discharge of record certain mechanics' liens. It appeared that the plaintiff was the owner of premises No. 38 Broad street, in the city of New York ; that, in August, 1865, he entered into a contract with the defendant Jones for the erection of a building on said lot; that said Jones made a sub-contract with one Joyce for the carpenter work; that in order to carry out his said contract, Joyce made parol agreements with

Stone v. Smith.

(Laws of New York for 1863, p. 860), that the lien ceases after one year from the filing of the notice creating it, unless, before the expiration of the year, it is continued by order of the court,

the defendant Daley and others, in pursuance of which they performed labor and furnished materials for the erection of said building. The work having been subsequently abandoned by Joyce, Daley and the other defendants, in the beginning of the year 1866, filed liens for the amounts due them respectively. Soon after, the owner Matthews commenced a proceeding in this court against the contractor and all the lienors, to foreclose the liens. The matter was referred to a referee, who, in December, 1866, made his report in favor of Daley and the other lienors, since which time it seems nothing has been done in the matter. With a single exception, no order of the court continuing either of the said liens was ever obtained by any of the lienors. This motion was now made by the owner for an order directing the county clerk to discharge the liens of record.

OPINION.—Under the Mechanics' Lien law of 1863 (Laws of 1863, chap. 500), a lien ceases after one year from the time of filing the notice of lien, unless, by an order of the court obtained before the expiration of the year, the lien is continued, and a new docket made stating such fact (§ 11 of the act, *Welch* v. *The Mayor &c.,* 19 Abb. Pr. 132; *Poerschke* v. *Kedenburg,* 6 Abb. Pr. N. S. 172). And it makes no difference that a proceeding was commenced before the expiration of the year to enforce or foreclose such lien. The decision of this court in the case of *Paine* v. *Bonney* (4 E. D. Smith, 734), which has been cited as deciding the contrary, has no application, as it was made under the law of 1851, which provided that every lien created under that act should continue until the expiration of one year from the expiration thereof, "and until judgment rendered in any proceedings for the enforcement thereof." I am aware that in *Poerschke* v. *Kedenburg (supra)*, which was decided under the Act of 1863, Judge Barrett was of the opinion that in such a case the lien continues after the expiration of the year, without the procurement of an order of the court. But while I entertain the greatest respect for the opinion of that learned Judge, and while I concede that there is a discrepancy or incongruity between the 10th and 11th sections of the act which would seem to favor his view, still I cannot in this instance agree with him. The language of section 11 is clear and explicit, that "liens shall in *all* cases cease after one year, unless by order of the court, &c." We must bear in mind that this statute is in derogation of the common law, and should be construed strictly. In addition, it will be found on examination that the opinion of Judge Brady, in the case of *Poerschke* v. *Kedenburg (supra)*, and also the cases of *Welch* v. *The Mayor (supra)*, and *Freeman* v. *Cram,* (3 N. Y. 308), sustain the view of the case which I have taken.

It follows that the conditions prescribed by the act must be complied with, or the liens will be lost (*Blauvelt* v. *Woodworth,* 31 N. Y. 285).

The liens in this case having ceased *ipso facto,* no order directing the county clerk to discharge them is necessary. But even if it were otherwise, the court has no power to make such an order. Section 10 of the act specifies in what cases liens may be discharged by order of the court or otherwise, but does not include

*and a new docket made stating that fact.* The order of court here provided for must mean the court in which proceedings have been commenced to foreclose the lien, the object of requiring this being that all persons consulting the lien docket may know, after the year, that it is a subsisting incumbrance, that proceedings have been instituted to enforce it, and that it is continued by order of the court where the proceedings are pending.

If no such proceedings have been instituted within the year, then the 12th section has provided for the mode in which it is to be discharged ; that is, by the entry of an order of any judge of a court of record, upon due proof that the year has elapsed, that no proceedings have been had, and upon the certificate of the clerk that no notice of any proceeding has been filed with him. *In all other cases* the lien ceases after a year, *without any discharge*, by the express words of the statute, unless it has been continued. But in a case where no proceedings have been instituted within the year, it must be discharged by the entry of an order of a judge of a court of record, for the reason that the statute has made express provision for its discharge, in that manner, in such a case.

The statute has given to the owner or to any person affected by the lien the right to have it discharged after a year,

the one under consideration. By section 11 no power is conferred on any court to order a lien to be discharged ; but all liens not continued by order of the court as in said section provided, are absolutely discharged after one year by the mere effect of the statute itself, without any other act or proceeding. My attention has been called to a decision of Judge Daly, in the case of *Jones* v. *Poe* (not reported), which it is claimed is decisive of this question. From an examination of the papers on file in the clerk's office, it appears that it is a case in point, and that the learned Chief Judge did make such an order therein as is now asked for. But I am informed that it was formerly the practice to grant motions of this kind, and it seems that the point was not fully considered when the order referred to was made.

I may add that I have consulted with my two associates, Judges Daly and Van Brunt, and am permitted to say that they both concur in the conclusions which I have arrived at in this case.

The motion must be denied.

*Niles & Bagley*, for motion; *Francis Byrne*, opposed.

if no proceedings have been commenced, and if they have been commenced, has made it obligatory upon the person enforcing it, to have it continued, and a new docket made, at the peril of its ceasing in all cases, without any discharge at the expiration of the year.

A person consulting the lien docket, may learn upon inquiry of the county clerk, whether any notice of an action or proceeding to foreclose the lien has been filed with him, and if none has been filed such person, if entitled to do so, may take steps at once to have it discharged by the order of a judge of a court of record, and if notice of such a proceeding has been filed, and there has not been, after a year, a new docket, stating that it is continued by order of the court, then he knows that, by the provision of the statute, it has ceased and is at an end.

In this case the year expired on the 30th of May, 1868, and Judge Brady's order, on the 24th of May, 1869, if it had been entered, which, it appears it was not, could have no effect. Judge Barrett's order of the 10th of June, 1869, discharging the lien, was equally of no effect. It did not discharge the lien. It was already discharged through the omission of the plaintiff to obtain and enter an order for its continuance before the expiration of the year. It was not a case, moreover, in which an order, discharging a lien, could be granted, for a proceeding had been instituted by the first contractor, to which the plaintiff was, by the fifth section, a necessary party, and had, in fact, been made so by the order of the court. It was not necessary, therefore, for him to give notice of the proceeding to the county clerk, but it was necessary for him to have his lien continued, and a new docket made before the expiration of the year. The order of Judge Brady, of 22d of June, 1869, setting aside Judge Barrett's order, and directing the county clerk to make the necessary entry in his books renewing and continuing said lien, was without authority. It was held in *Poerschke* v. *Kedenburg* (6 Abb. Pr. N. S. 172), that the application for the lien must be made within the year; that the statute is imperative, and invests neither court or judge with any dis-

cretion, after the expiration of the year, in which case the general term affirmed an order made by me, denying an application to continue a lien after the year had expired. The order appealed from will have to be reversed.

Order reversed.