GEORGE ABHAM *et al. against* ROBERT BOYD *et al.*

Where a proceeding to foreclose a mechanic's lien in the city of New York is commenced by any claimant, and a prior or subsequent lienor is made a party and duly appears, he has thereafter a right to carry through the proceeding for his own benefit, and if the claimant instituting the proceedings allows his lien to expire, or in any way becomes disentitled to continue the proceedings, any other lienor who has appeared in the proceedings may continue them for the enforcement of his own lien.

Where a prior or subsequent lienor is made a party to the proceeding and served with a notice to appear, the court acquires jurisdiction to enforce his lien, and if he does not file a statement of his claim within the time prescribed by the statute, the court may excuse his neglect and allow him further time to do so.

APPEAL from an order of this court made at special term ordering a reference in a proceeding to enforce a mechanic's lien, and also from an order denying a reargument of the motion to refer.

The facts are stated in the opinion.

*James W. Culver*, for appellant.

*Pinckney & Spink*, for respondent.

DALY, Chief Justice.—Abham & Scueletas, having filed a notice of lien against a building of which the defendant Boyd is the owner, instituted proceedings to foreclose their lien, by serving the formal notice upon the owner Boyd and upon the defendant Stone, who had a lien upon the building, which was prior to theirs.

On the day named in the notice of foreclosure, both Boyd and Stone appeared, and the usual order was made by the judge that Abham & Scueletas file their complaint as in an ordinary action, and that the owner Boyd and the defendant Stone serve their answers. Boyd served an answer denying that Ward, the person with whom Abham & Scueletas had contracted, had any claim against him or against the building, and Stone served an

answer setting up that he had a lien upon the building, which was prior to the plaintiffs', for work and materials supplied towards the erection of the building, under a contract made with Ward, and asking for a sale of the interest of Boyd as owner, and that out of the proceeds of the sale that he (Stone) should be paid the amount of his lien.

The plaintiffs Abham & Scueletas appear to have been satisfied with Boyd's answer to their complaint, for they took no further steps in the matter, but suffered the year to expire without obtaining any order for the continuance or redocketing of their lien, by which omission, whether intentional or otherwise, their lien was at an end.

Stone served his answer upon the attorney of Abham & Scueletas. It was not an answer which created any issue between him and the plaintiffs, but was simply a statement of his claim, under the fifth section of the act of 1863, and which, by the provisions of that section, should have been filed in court, or with the clerk (L. 1863, c. 500, §§ 4, 5). This he omitted to do, and in consequence of this omission, the owner Boyd, having heard nothing of his answer, supposed that the whole proceeding was at an end, after Abham & Scueletas had failed to continue their lien within the year.

This answer, which was in effect the setting up of a claim arising under another lien, and asking that the defendant Boyd's interest in the building might be sold to satisfy it, should have been filed, because, by the provisions of the act, any person interested has five days after it is filed to make objections to it. The act declares that each and every person or persons who have filed liens shall be parties to and have notice of the proceeding, and when such a party is brought in, he becomes, if he intends to have his particular lien enforced, an actor, and must thereupon file his claim, that the owner or any other person interested may take issue upon it, if he wishes to contest it. It will not suffice to serve it in the form of an answer upon the party who instituted the proceedings. He may have no interest in it, and whether he has or not, it is not a notice to the owner, or other parties who may have an interest, and may wish to contest the claim. This, as I have said, Stone omitted to do, but

he continued his lien regularly from year to year, in the mode required by the law, and about four years after the service of his answer, when Abham & Scueletas' lien had expired, and all proceedings on their part had been abandoned, he gave notice to the owner Boyd of a motion to refer the issues in the action to a referee. This motion was irregular, for no opportunity had been given to the owner to take issue upon the claim, or any other party, except Abham & Scueletas, and they put in no objections to it. The defendant Boyd took the objection that Stone had never filed his claim; but the judge granted the motion to refer, providing, however, in the order that Stone should first serve his statement or claim upon Boyd's attorney, and that Boyd should have twenty days thereafter to serve an answer to it.

In this order Boyd at first acquiesced, for he served an answer to Stone's statement or claim, setting up, substantially, the same defense to it as he had set up to the claim of Abham & Scueletas. He afterwards, however, applied for a reargument of the motion, which the judge denied, and this appeal is brought as well from that decision as from the order granting the reference.

No appeal will lie from the refusal of the judge to order a reargument. It was simply a matter resting in his discretion, and whatever right of appeal the defendant Boyd has, is limited to a review of the order granting the reference.

The objections taken to it are that Stone had never become a party to the proceeding, not having filed his claim within the time fixed by statute, and that when the order for a reference was made, the whole proceeding was at an end, by the failure of Abham & Scueletas to continue their lien.

The failure of Abham & Scueletas to continue their lien, could not affect other parties who had filed liens, and had been made parties to the proceedings. On the contrary, the statute plainly contemplates that their rights are to be administered in the proceeding which has been commenced, and to which they have been made parties. When they are notified of the proceeding to foreclose, it is not necessary for them to institute a distinct proceeding for the foreclosure of their own lien; and

if they did, it would either be dismissed or consolidated with the proceeding already pending (*Gratz* v. *Rosenbergh*, 6 Abb. Pr. [N. S.] 428). In that proceeding they are, when they file their claim, in respect to the protection and prosecution of it, in the position of complainants, and have all the rights which they would have if the proceeding had been instituted for the foreclosure of their particular lien. This being the case, they cannot be affected by the omission of the party who instituted the proceeding to have his lien continued. They are entitled to go on in the prosecution and enforcement of their own claim, and if the owner or any other person has filed objections to it, to have the issue thereby created tried in some one of the modes provided by the statute. Of course they must see to it that their lien is continued; for if they neglect to obtain an order for the continuation and redocketing of it, from year to year, their lien will be gone (*Stone* v. *Smith*, 3 Daly, 213; *Poerschke* v. *Kedenburg*, 6 Abb. Pr. [N. S.] 172). If they have, however, continued their lien, and the validity of their claim is admitted, or established by a trial, they are entitled to have it enforced out of any fund that may be due by the owner to the contractor, if the fund will suffice, after the payment of prior incumbrances, if there be any, and it is wholly immaterial to them whether other parties suffer their liens to expire by the failure to renew them or not, for they are independent actors in respect to their own claim, and have nothing to do with the claim of the party who instituted the proceeding, or any other parties who may have filed claims, except so far as they may affect their own, by being prior in point of time; or unless they see fit to contest them by a formal statement of objections to them. The ground, therefore, taken upon this appeal, that the whole proceedings came to an end and ceased to have any vitality after Abham & Scueletas failed to continue their lien, so that none of the parties can thereafter avail themselves of proceedings instituted by Abham & Scueletas, or occupy any better position than they do, is untenable. It would be a most unreasonable construction of the statute to hold that after others have been made parties to the proceeding, and filed their claims, and have possibly been put to great expense and

the loss of time in litigating them, that everything is to go for naught, if the owner sees fit to discharge the lien of the party who initiated the proceedings by paying it; or that party abandons his lien because he thinks he cannot sustain it, and for that reason, or through neglect, does not get an order to continue it.

The statute declares that the persons who are made parties shall file their claim within ten days after service upon them of notice of the proceeding. The court acquires jurisdiction by the service of the notice to foreclose by the party who institutes the proceeding, and has then all the powers given to the court named in the notice for the adjustment of the rights of all parties. The proceeding is then in the nature of a civil action brought for the foreclosure of a lien, in which all the equitable powers exist and all the equitable remedies may be applied, which are incident to such actions. This is obvious from various passages in the statutes, and indeed, without so construing the proceeding, it would be impossible to administer the remedy (*Hubbel* v. *Schreyer*, 4 Daly, 362; *Doughty* v. *Devlin*, 1 E. D. Smith, 629). We have never regarded the provision in the statute, that persons made parties shall file their claims within ten days from the time of the service of notice upon them, as precluding the court from allowing them further time, if necessary. Indeed, we long ago established the rule that when the parties appeared pursuant to the notice to foreclose, that the party who instituted the proceeding, should have ten days to serve his complaint, and the other parties ten days thereafter to put in their answers. This was found to be indispensable for the ordinary conduct of the action and the creation of the issues which the court might have to try. In fact, in this court, where a very large number of these cases are constantly pending, it is a very rare circumstance for the parties to come prepared upon the return day of the notice to file and serve a statement of their claims, and the practice is almost universal to enter an order upon that day that the party who instituted the proceeding file and serve his complaint in ten or twenty days, and that all the other parties have twenty days after the service of it to file and serve their answers if they

mean to contest it; or if they do not, a specific statement of their claim, which is regarded, in effect, as a complaint, upon which the owner, or any party interested, may take issue by putting in an answer to it within the same length of time (Guernsey on Mechanics' Liens, p. 76, § 409). This is upon the assumption that having acquired jurisdiction by the service of the notice citing the parties to appear in this court, which in that respect has all the effect of the service of a summons (*Maltby* v. *Greene*, 1 Keyes, 548, 552; *Schaettler* v. *Gardiner*, 47 N. Y. 404; *Reynolds* v. *Hamil*, 1 Code R. [N. S.] 230), we have all the power that we would have in any action to do what, in the judgment of the court, is necessary or proper in the furtherance of justice. We have, therefore, never doubted our power to relieve a party from his default who had neglected to appear on the day named in the notice; our impression being that, after the service of that notice upon him, his remedy for the enforcement of his lien was in that proceeding, and that he would be concluded, as respects its enforcement, by the judgment rendered in it (*Carroll* v. *Caughlin*, 7 Abb. Pr. [N. S.] 71). If Stone, therefore, had failed to appear at all, he might have applied to the court to be relieved from his default, and would have been relieved, if it was in furtherance of justice. This was, in effect, what Judge Robinson, at special term, did. To enable him to dispose of the whole matter at once, he provided for a reference, first allowing Stone to file the statement of his claim and serve a copy of it upon Boyd's attorney, and giving Boyd twenty days thereafter to serve his answer to it. This was giving Stone relief, it is true, after a long lapse of time. It would seem, however, from the affidavit of his attorney, that he had several times notified the plaintiff's attorney to move in the matter, and the judge appears to have been satisfied with that or whatever other excuse he may have offered. At all events, it was the exercise of a discretion which will not be inquired into and cannot be reviewed upon appeal. The order should be affirmed.

J. F. Daly and Loew, JJ., concurred.

Order affirmed.