THE EMIGRANT INDUSTRIAL SAVINGS BANK *v.* PHILIP GOLDMAN, Impleaded, etc., Appellant, EPHRAIM D. BROWN, Respondent.

The provision of the mechanics' lien law (Laws of 1863, chap. 500, § 11), declaring that liens shall "in all cases" cease at the expiration of one year, unless continued by order of the court, refers to the lien on the premises ; it has no reference to a claim by the lienor for surplus moneys arising on sale of the land upon judgment in foreclosure, which cuts off the lien ; as, in such case, the claim of the lienor is reduced to a right to the avails.

If the lienor has a right at the time of sale, and at the time of making application for the surplus, no further order of the court is necessary to preserve this right.

So far as mere legal rights are concerned the only proper parties to an action of foreclosure are the mortgagor, the mortgagee, and those who have acquired rights under them subsequent to the mortgage, and these parties only are affected by the judgment.

The provision of the Revised Statutes (§ 158, 2 R. S., 192) declaring that the deed given upon foreclosure sale shall be " an entire bar " against all parties, refers to the rights and interests in the equity of redemption ; it does not embrace interests which are paramount to the title of both mortgagor and mortgagee.

The plaintiff may make prior incumbrancers parties for the purpose of having the amount ascertained and paid out of the proceeds, but where no such purpose is indicated in the complaint, and no such provision is incorporated in the judgment, the prior lien is not cut off.

Accordingly *held*, where, to a foreclosure sale, a mechanic's lienor, whose lien was prior to the mortgage, was made a party defendant, but the complaint did not ask to have the amount of his claim ascertained and paid out of the proceeds, and no such provision was contained in the judgment, that the lien was not affected by the judgment ; and that an appearance by said lienor, and waiver of service of papers, " except notice of sale and application for surplus moneys," was not a consent to come in subsequent to the mortgage, and did not operate as an estoppel against any claim upon the premises by virtue of the lien, in the absence of proof that the premises were, with his knowledge and acquiescence, sold clear of the lien.

(Argued September 24, 1878; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term which sustained exceptions to the report of a referee as to surplus moneys arising on foreclosure.

The facts appear sufficiently in the opinion.

*Rob't. P. Harlow,* for appellant.    Prior incumbrancers may properly be made parties defendant to an action to foreclose a mortgage for the purpose of selling the property free and clear of all liens.    (*Hancock v. Hancock,* 22 N. Y., 568, 571; *West. Ins. Co.* v. *Eagle F. Ins. Co.,* 1 Paige, 284; *Holcomb* v. *Holcomb,* 2 Barb., 20.)    A prior incumbrancer when made a defendant may voluntarily appear and submit to the decree that the sale be made free and clear of his lien, and by so doing he would be estopped from enforcing his lien against the property.    (*West. Ins. Co.* v. *Eagle F. Ins.*

*Co.*, 1 Paige, 284; *Jackson* v. *Hoffman*, 9 Cow., 270; *Savage* v. *Allen*, 54 N. Y., 458.) Goldman having appeared, and the property having been sold free and clear of his lien, it will be presumed that the purchaser bid with reference to the fact that he was cut off by the decree. (*Clarkson* v. *Skidmore*, 46 N. Y., 297; *De Ruyter* v. *St. Peter's Church*, 2 Barb. Ch., 555.) The court in making an order for distribution of surplus moneys is not governed by strict technical rules, but by a wide discretion in equity. (*Mut. L. Ins. Co.* v. *Salem*, 3 Hun, 117, 118.)

*Thos. J. McKee*, for respondent. The legal effect of the decree was only to cut off any interest Goldman had subsequent to the mortgage foreclosed. (*Frost* v. *Koon*, 30 N. Y., 428; opinion Davis, J., pp. 444-449; *Lewis* v. *Smith*, 5 Seld., 502, 515, 519, 520; *Lee* v. *Parker*, 43 Barb., 611; *McReynolds* v. *Munn*, 2 Keyes, 214.) A mechanic's lien must be kept alive by order of the court until a sale under a judgment foreclosing it, and such sale can only be had during its life and not a year from its filing, unless it has been annually renewed. (*O'Donnell* v. *Rosenburg*, 14 Abb. Pr. [N. S.], 69; *McGraw* v. *Godfrey*, 14 id., 401; *Stone* v. *Smith*, 3 Daly, 213; *Matthews* v. *Daly*, 7 Abb. Pr. [N. S.], 380; *Fitzpatrick* v. *Boylan*, 57 N. Y., 436, 439.) Surplus moneys to be divided among persons having liens on the land are subject to the same rules that govern real estate. (*Moses* v. *Murgatroyd*, 1 J. Ch., 119.)

Church, Ch. J. This is a contest for surplus moneys, arising upon a sale of premises upon the foreclosure of a mortgage executed by one Gavin to the plaintiff the 4th day of February, 1873, and recorded the same day. The contest is between the defendant Goldman who claims under a mechanic's lien filed January 2, 1873, and one Brown, a mortgagee, whose mortgage was recorded April 18, 1873. Both Brown and Goldman were made parties defendant in this action, and the complaint contained the general clause

that they had or claimed some interest or lien in the mortgaged premises, which interest or lien, if any, accrued subsequently to the plaintiff's mortgage, and the decree contained the usual clause foreclosing the defendants from any equity of redemption in the mortgaged premises. The premises were sold on October 18, 1874, and on October 20, 1875, an order of reference was entered to determine the priority of claims to the surplus moneys. A report was made thereon, dated April 1, 1876, which was opened to admit further evidence December 21, 1876, and subsequently another referee was substituted who made a report March 7, 1877, by which the claim of Goldman was rejected on two grounds:

1. That his lien was prior to the mortgage foreclosed, and was not affected by the proceedings and judgment in the action, and if valid might be enforced.

2. Because his lien ceased on January 2, 1876, to which time it had been continued by order of the court.

The Special Term sustained exceptions to this report filed on behalf of Goldman, and decided that he was entitled to be first paid, which was reversed by the General Term. The decision of the General Term was made solely upon the ground that the lien of Goldman not having been continued by order of the court, was lost. The statute provides that "liens shall in all cases cease after one year, unless by order of court the lien is continued, and a new docket made stating such fact." (Laws of 1863, chap. 500, § 11.) The lien would have ceased on January 2, 1876, by the terms of the statute, but if it was cut off by the foreclosure, it had in fact ceased when the judgment of foreclosure was entered, but in every other respect it was valid until January 2, 1876. Before that time the premises had been sold, and the surplus ascertained, and a reference made to determine the priority of claims, and a hearing was had before the referee, although the report was not filed until April after. If Goldman's right to the surplus was good when he made his claim, I do not see how he lost it by not continuing his lien. The real

estate upon which the lien was, had been sold and converted into money to be distributed among those who at that time were entitled to it. The statute is restrictive upon this class of liens, and was evidently designed to protect those interested in the premises, or who might desire to become interested by way of purchase or incumbrance against injury unless they were kept in life by order of the court, and hence it has been held that they must be continued by order, notwithstanding proceedings to foreclose may have been commenced, or even a judgment obtained for a sale of the premises. (*Stone* v. *Smith*, 3 Daly, 213.) The statute says *in all cases* the lien shall cease, but this refers to the lien on the premises, and has no reference to a claim for surplus money, after the lien has been foreclosed and the land sold. There is no one to protect after that. The lien which the statute has guarded and restricted, is gone, and the claim reduced to a right to the avails. If that right existed at the time, the surplus was ascertained, and at the time the claim therefor was made I do not think any further order was necessary. Such an order could neither create, revive, or continue a lien within the contemplation of the statute, that is, a lien on the land, nor affect Goldman's right to the surplus which had become fixed.

The other question presents more difficulty. If the foreclosure did not extinguish the claim of Goldman, then the sale was made subject to it, and he was at liberty to enforce it against the premises. His claim was prior to the mortgage of the plaintiff, and he had a superior legal right to payment from the premises. It is settled that the only proper parties to a bill of foreclosure, so far as mere legal rights are concerned, are the mortgagor and mortgagee, and those who have acquired rights under them subsequent to the mortgage. (*Eagle F. Co.* v. *Lent*, 6 Paige, 635; *Frost* v. *Koon*, 30 N. Y., 428; *Lewis* v. *Smith*, 5 Seld., 502; *Corning* v. *Smith*, 2 id., 82; *Bk. of Orleans* v. *Flagg*, 3 Barb. Ch. R., 318.) And these parties only are affected by the judgment. The statute declares that the deed " shall vest in the purchaser the same estate that would

have vested in the mortgagee if the equity of redemption had been foreclosed, and such deeds shall be as valid as if the same were executed by mortgagor and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit in which such sale was made, and against their heirs respectively, and all claiming under such heirs," (2 R. S., 192), and this court in 5 Seld. (*supra*), in speaking of this section of the Revised Statutes said, that taking all the expressions together it is obvious that the " entire bar " which is spoken of refers to the rights and interests in the equity of redemption, and does not embrace interests which are paramount to the title of both mortgagor and mortgagee. In that case it was sought to bar the claim of dower of a widow under a foreclosure of a mortgage executed during coverture by the husband alone, she being made a party, and the general allegation being made as in this case, of an interest subsequent to the mortgage.

The bill was taken as confessed, and the usual judgment entered, and the court held that the judgment did not affect any interest which she had prior to the mortgage. In *Holcomb* v. *Holcomb* (2 Barb., 20), Harris, J., expressed the opinion that if the facts were specifically stated, which were relied upon to defeat the prior right, the bill would be demurrable upon the ground that the plaintiff had no right to bring him into court in an action to foreclose a mortgage. The plaintiff may make prior incumbrancers parties, for the purpose of having the amount ascertained, and paid out of the proceeds, but no such purpose was indicated by the complaint in this case, and if we adopt the construction of this court as to the effect of the judgment, it would seem to follow that the plaintiff's claim was not affected by it, but only such rights or interests as he may have acquired subsequent to the mortgage. It is claimed however that this case is taken out of the general rule by the notice served by Goldman. The notice was a notice of appearance in the action, and a waiver of "service of a copy of all papers except notice of sale and application for surplus funds." It is urged that

this amounts to a consent to come in subsequently, to plaintiff's mortgage, and operates as an estoppel upon Goldman against any claim upon the premises by virtue of his lien, and that Brown's mortgage being subsequent to both is not impaired, and he cannot complain. I should be disposed to adopt this view if it appeared that in fact the premises were sold clear of Goldman's lien, and especially with his knowledge and acquiescence, but I have examined the papers in vain to find any such fact proved, or even alleged. On the contrary it appears that Goldman proceeded afterwards in an action commenced by another person, and obtained a judgment upon his lien against Gavin personally, and also against the premises, that the personal judgment was set aside, and that subsequently he issued an execution *in rem* against the property. These acts are inconsistent with an understanding on his part that he had consented to be satisfied with a claim upon the surplus, and prevents a presumption which he insists arises that the premises were sold free from his lien. If this fact appeared the equity of Goldman would be very strong, because it would be presumed that the premises sold for enough more than if sold subject to his lien to satisfy it, and in that case Brown would not be heard to object because he would not be injured. But as this fact does not appear, and the notice contains no stipulation yielding any rights, I see no way to avoid limiting the judgment of foreclosure to its legal effect as declared by this court.

The order of General Term therefore should be affirmed.

All concur, Miller and Earl, JJ., absent at argument. Order affirmed.