EDWARD F. WILSON and Another, Plaintiffs, _v._ THE NIAGARA CITY LAND COMPANY, Appellant, and HENRY A. ROSE and Others, Respondents, Impleaded with LOREN M. HEWIT.

_Action to foreclose a mechanic's lien — service of answers on co-defendants — when it may be continued by defendant lienors — judgment set aside for irregularity._

The holders of mechanic's liens filed under chapter 342 of the Laws of 1885 who are made parties defendant in an action brought to foreclose another mechanic's lien on the same property, are not required to serve a copy of their answer in such action upon their co-defendant, the owner of the property sought to be sold in such action, and they are entitled to continue the action and try the same, notwithstanding the fact that the claim of the plaintiff is settled before the trial thereof, and a stipulation has been obtained from him consenting to the discontinuance of the action.

When an irregularity only is relied upon by a party asking to have a judgment set aside, it should appear that such party is prejudiced in some way by the irregularity complained of.

APPEAL by the defendant, The Niagara City Land Company, from portions of a judgment of foreclosure and sale of the Supreme Court in favor of the defendants Henry A. Rose and others, entered in the office of the clerk of the county of Niagara on the 6th day of December, 1893, upon the decision of the court rendered after a trial at the Niagara Special Term, with notice of an intention to bring up for review on such appeal an order of the Supreme Court made at the Erie Special Term on the 26th day of December, 1893, denying such defendant's motion to set aside the judgment.

_C. S. Orton_, for the appellant.

_Lewis T. Payne_, for the respondents.

LEWIS, J.:

This action was brought to foreclose a mechanic's lien upon premises owned by the appellant, situate in the village of North Tonawanda, Niagara county. The appellant had, by written contract, sold the land in question to the defendant Hewit on condition that Hewit should build a factory upon the land. The plaintiffs and the respondents furnished labor and materials to Hewit, which were used in constructing the factory, all of which was known and con-

sented to by the appellant. The plaintiffs and respondents respectively duly filed mechanics' liens upon the premises. Notice thereof was duly given to the appellant and the defendant Hewit. An action was commenced by the plaintiffs in the Supreme Court to foreclose their lien. It was stated in the complaint, after the proper allegations in reference to the plaintiffs' lien, that the respondents had duly filed notices of liens against the premises; judgment was demanded that the plaintiffs be adjudged to have a lien upon said building and appurtenances for the amount of their claim, and that the interest of the appellant and the defendant Hewit in the premises should be sold, and out of the proceeds of the sale the plaintiffs' claim be first paid, and that then the claims of the respondents, so far as they shall establish valid liens upon the premises under their notices filed, be paid out of the proceeds if there were moneys sufficient applicable thereto, and that the court settle and determine the equities of all the parties. The appellant interposed an answer putting in issue the allegations of the complaint and denying any knowledge or information sufficient to form a belief as to the alleged filing of the respondents' lien. Each and all of the respondents interposed answers alleging their several liens and the particulars in relation thereto, and asking for judgment for a sale of the premises and the payment of their respective claims out of the proceeds arising therefrom.

The action was duly noticed for trial by the respective parties serving notices thereof upon each other; it was placed upon the calendar by the parties, but before it was reached for trial the appellant adjusted and paid the plaintiffs' claim and received from the plaintiffs' attorney a stipulation to the effect that the claim was settled, that the action would not be further prosecuted by the plaintiffs, and that, so far as the plaintiffs were concerned, the action might be discontinued without notice to them. After the said settlement was made the court, at the request of plaintiffs' attorneys and the attorneys for the respondents, in the absence of the appellant's attorneys, fixed a day for the trial of the cause. The appellant's attorneys were notified that a day had been fixed for the trial of the case, and one of them, at the request of the respondents' attorneys, appeared in court, and was there informed by the presiding judge that a time had been fixed for the trial of the case. No

objection was made by him at the time, but on the day designated for the trial he appeared in court, and, when the cause was moved for trial by the respondents, he, for the first time, objected to the trial proceeding, for the reasons that the claim of the plaintiffs had been settled, and that the respondents had not served upon the appellant's counsel a copy of their answer, as provided for by section 521 of the Code of Civil Procedure. His objection was overruled by the court, and the trial of the action was proceeded with, and the court rendered its decision adjudging the amount of the various liens of the respondents, and directing judgment for the sale of the premises and the payment of the respective claims of the respondents out of the proceeds of the sale, etc. The respondents were put to the expense of subpœnaing witnesses and attending court on the adjourned day. The appellant made a motion to vacate and set aside the judgment, upon the ground that it was void and irregular for the reason " that no pleadings or notice of proceedings of the said defendants to obtain judgment for the sale of this defendant's property, or affecting this defendant's title to its property, have ever been served upon the defendant or any person or officer of defendant in its behalf." The motion was denied, and from the order denying such motion this appeal was taken.

While the notice of appeal is from the judgment and order, there is nothing in the record showing that the judgment in every respect, except the one mentioned, was not just and regular. It is the contention of the appellant that the respondents were not at liberty to try the action without having first served upon the appellant a copy of their answer.

It is provided by the Mechanics' Lien Law, chapter 342 of the Laws of 1885, that a person who furnishes labor or materials for constructing a building may file his lien in the clerk's office of the county ; it must be verified ; a copy thereof must be served on the owner of the premises. The claimant may institute an action to foreclose his lien ; he is required to make all the parties who have filed notices of liens against the property, as well as those who are subsequent lienors or claimants by judgment, mortgage or conveyance, parties defendant. It is provided by section 6 of the act that when a claimant is made a party defendant to any action brought to enforce any other lien, such action shall be deemed an action to

enforce the lien of such defendant, who is a claimant within the provisions of the act. The claimants, who are thus made defendants, may answer, setting forth their claims, and the court in which the action is brought may settle and determine the equities of all the parties thereto, and decide as to the extent, justice and priority of the claims of all parties to the action and upon every counterclaim or set-off alleged therein, to the extent of the jurisdiction of the court.

The manner and form of instituting and prosecuting such action to judgment and an appeal from such judgment shall be the same as in actions for the foreclosure of mortgages upon real property.

As we have seen, the plaintiffs served their complaint upon the appellant and respondents respectively, but neither the appellant nor the respondents served their answer upon each other. The only question raised by this appeal is as to the jurisdiction of the court, under the circumstances, to proceed with the trial of the action after a settlement of the plaintiffs' claim, the respondents not having served their answers upon the appellant.

It was stated in the plaintiffs' complaint, which was served upon the appellant, that the respondents had filed their respective liens in the clerk's office of the county, and the appellant, by its answer, put in issue that allegation of the complaint.

The particulars of the respondents' claims were fully set out in the liens, which were duly filed in the county clerk's office by the respondents respectively; the statute requires that the liens be verified and filed and a copy served upon the owner of the premises; he is thus fully advised of the claim; as fully as he would be by the service of a copy of the answer.

The lien law contemplates that the action shall be prosecuted to enforce the liens of the defendants with the same force and effect as that of the plaintiff, and it cannot, with propriety, be claimed that the action should be discontinued because the plaintiffs' claim had been adjusted.

Such a construction of the statute might work great injustice to a defendant claimant, for the act provides that a lien shall not continue for a longer period than one year after the notice of the lien has been filed, unless within that time an action is commenced to enforce the same; if the owner of the property, by settling the claim of the

plaintiff, could obtain a discontinuance of the action, the year limitation might run against the defendant's claim while he was waiting for the trial of the action.

It was held in *Abham* v. *Boyd* (5 Daly, 321) that if a claimant instituting proceedings becomes in any way disentitled to continue the proceedings, any other lienor who has appeared in the proceedings may continue them for the enforcement of his own lien.

We are of the opinion that the respondents were not required to serve their answers upon the appellant in order to be entitled to try the action, but even if it should be held otherwise we think this order appealed from should be affirmed; for, as we have seen, the appellant is not in a position to review the judgment.

We can only consider the appeal from the order. The court had jurisdiction of the subject-matter and of the parties. Issues for trial had been framed by the plaintiffs' complaint and by the several answers of the defendants. As stated, the appellant, after the settlement of the claim of the plaintiffs, appeared in court by its attorney and consented to the fixing of a day for the trial of the action. No suggestion is made that the claims of the respondents, as found by the trial court, were not in all respects just and proper, so that no injustice in fact has been done to the appellant.

An irregularity simply is relied upon, and to entitle a party to ask to have a judgment set aside for that reason simply it should appear that he is prejudiced by it in some way to his injury. (*Green* v. *Warren*, 14 Hun, 434.)

This the appellant has failed to show. No merits were sworn to by the appellant.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., concurred; HAIGHT and BRADLEY, JJ., concurred in the result.

Order appealed from affirmed, with ten dollars costs and disbursements.