**1820.**

ENSWORTH
v.
LAMBERT.

</div>

<div align="center">

Order accordingly.

</div>

---

A. & R. ENSWORTH *against* LAMBERT, FANNING and others.

On a bill to foreclose a mortgage, all incumbrancers existing at the commencement of the suit, must be made parties.

Where the objection of a want of parties is made out of season, the plaintiff, instead of amending the original bill, may file a *supplementary* bill, merely to bring in the parties wanting; and the defendants to the original bill need not, in such case, be made parties to the supplemental bill.

BILL to foreclose a mortgage. The defendant, *L.*, suffered the bill to be taken *pro confesso*, and the other defendants answered. The defendant, *L.*, had a mortgage on the premises subsequent to the one owned by the plaintiffs. The master's report was obtained preparatory to a final decree for the sale of the land; and the defendant, *L.*, came in and stated, by petition, that *George Astor* held a mortgage

<div align="right">

*Sept.* 26*th.*

</div>

ENSWORTH
v.
LAMBERT.

1820.

upon the premises, subsequent, in point of registry, to his; and prayed that the plaintiffs might be ordered to amend their bill and make him a party, so that a good title might be given upon the sale, and all deception upon the purchaser, and all future trouble, be prevented.

*G. W. Strong*, in support of the petition.

*J. C. Spencer*, contra.

THE CHANCELLOR ordered the proceedings to be stayed, and that *G. A.* should be brought into Court, as it was a fixed rule, and essential to justice, that no decree should pass, until all necessary parties were brought in. All incumbrancers existing at the commencement of the suit must be made parties, or else their rights will not be affected by the decree and sale thereon. To save time and expense, a supplemental bill may be filed by the plaintiffs, instead of amending the original bill; and when it is used merely for the purpose of bringing a formal party before the Court, as a defendant, the defendants to the original bill need not be made parties. (*Redesd. Tr. Ch. Pl.* 70.) Where the objection for want of parties is made rather out of season, as in *Jones* v. *Jones*, (3 *Atk.* 110. 217.) the want of parties may be supplied by a supplemental bill. In that case, the cause had been once heard, and was brought on again upon the equity reserved, when the objection was raised. So, also, in *Holdsworth* v. *Holdsworth*, (*Dick.* 799.) parties appeared to be wanting on an appeal from a decree at the Rolls, and the cause was ordered to stand over, with liberty for the plaintiffs to file a supplemental bill, merely to add parties.

The proceedings in the cause were, accordingly, ordered to be stayed, and the plaintiffs had leave to file a supplemental bill, in order to bring in *G. Astor*, who held the third incumbrance.

Order accordingly.