1822.

M'Gown
v.
Yerks.

M'Gown and others *against* Yerks and others.

On a bill for a foreclosure of a mortgage, and a sale, it appeared that the defendants were owners of two fifths only of the premises under the will of their father, and that there were legacies given to other persons, charged upon the whole mortgaged premises : *Held,* that these legacies, being prior encumbrances, the legatees ought to be made parties to the suit, for the security of the purchaser, at the sale, and to prevent injury to the rights of the mortgagors.

Where leave is given to file a *supplemental* bill, merely to bring in parties, the original defendants need not be parties to it.

*Dec.* 11*th.*    BILL to foreclose a mortgage.   The defendants, in their answer, stated, that they derived title to, and owned only two fifths of the mortgaged premises, by the will of their father, by which legacies were given to other persons, charged upon the whole mortgaged premises.   The cause was set down for hearing, upon the bill and answer, and a reference ordered, and, upon coming in of the master's report computing the amount due on the mortgage, and the cause being heard for further directions, the defendants objected, that the legatees ought to have been made parties ; and it was agreed, that the objection, if good, should be deemed as made in season.

*J. Smith,* for the plaintiffs.

*W. Silliman,* for the defendants.

THE CHANCELLOR.   These legatees, whose legacies, as stated in the answer, were a prior encumbrance, ought to be made parties, in order to prevent a sale of the premises from being deceptive or embarrassing to the purchaser, and injurious to the rights of the defendants, and to enable the plaintiffs, if necessary, to redeem the land from the

prior encumbrance. In cases of a strict technical foreclosure, there may be no injury in leaving a prior encumbrance undisturbed, but, where the land is to be sold, it would seem to be essential to the interests of all concerned, and necessary, to prevent a sacrifice of the subject, at the sale, that the certainty, value, and extent of the prior encumbrance, made known by the pleadings, should be ascertained and declared. It is the general doctrine of this Court, that all parties having an interest in the subject matter of the suit, should be before the Court, to the end that their interest may be embraced by the decree, and that one suit may terminate all controversy depending on the various rights. In this case, it is said, that the legacies are a charge on the whole land, of which the interest mortgaged is only an undivided part. It may be necessary, in that case, to apportion the charge, and settle the proportion that the interest of the mortgagors ought to bear, before a sale can be discreetly ordered, or the purchaser safely and intelligently buy. The cause must, therefore, be ordered to stand over, to the end, that the legatees may be brought in, by a supplemental bill, in which case, the present defendants need not be made parties, according to the cases referred to in *Ensworth* v. *Lambert,* (4 *Johns. Ch. Rep.* 605.)

Order accordingly.