## SUPREME COURT.

ELIZABETH B. V. SMITH, executrix, &c., of EDWARD SMITH, deceased, and another, agt. EDWARD ROBERTS and wife.

*Foreclosure of mortgage — Parties — Prior mortgagees — Merger.*

On June 15, 1865, B., who had previously given a mortgage to S., plaintiff's testator, for $6,500 gave him another mortgage for $3,000 upon the same premises, and on the same day conveyed to him an undivided one-fourth part of the premises for $3,500. The deed recites that the whole premises are covered by the $6,500 mortgage and that one undivided half part is subject to an agreement to sell to S., dated in 1863 In 1867 B. conveyed to S. one undivided half of the premises, and on the same day the $6,500 mortgage was canceled. In 1874 B. executed a mortgage to defendant for $15,000, covering one undivided fourth of the premises. In this action to foreclose the $3,000 mortgage:

*Held,* that it is a valid lien for its face upon the undivided one-fourth part of the premises which remained in B., and that the judgment in defendant's action to foreclose his mortgage does not affect the plaintiffs' lien in this action.

Prior mortgagees are not necessary parties to an action of foreclosure, but sometimes they are proper parties.

Whether an inferior security is merged in one of a higher character depends upon the intentions of the parties; and when justice and equity require that it should be distinctly kept alive it will not be regarded as merged.

*Special Term, August,* 1881.

*Redfield & Hill,* for plaintiff.

*Jacob F. Miller,* for defendants.

VAN VORST, *J.* — This is an action to foreclose a mortgage for $3,000 made by one Joseph A. Benjamin to Edward Smith, dated the 15th day of June, 1865, covering three undivided fourth parts of certain premises owned by him.

The mortgagee Smith has since died, and this action of foreclosure is brought by the plaintiffs as executrix and executor under his will.

The defendant Roberts, whose mortgage covers an undivided one-fourth part of the premises and who is a second mortgagee, interposes as a first defense that the plaintiffs' mortgage is paid, and, second, that by virtue of a judgment in an action brought by the defendant to foreclose his mortgage, to which action the first mortgagee was made a party defendant, the premises have been sold and were purchased by the defendant, and that the same are now held by him free from any claim or lien in favor of the holders of the first mortgage. That such result follows from the allegations in the complaint in the defendant's action of foreclosure, and the judgment in pursuance thereof. A short statement of facts is necessary to determine the value and sufficiency of these defenses. The mortgagor Benjamin owned a tract of land in the upper part of the city of New York. In 1863 he mortgaged the entire premises to the above named Edward Smith to secure the sum of $6,500.

On the 15th day of June, 1865, he executed the mortgage to Smith, herein sought to be foreclosed, to secure the payment of his bond for the sum of $3,000, payable on the 1st day of November, 1866, with interest payable semi-annually. On the same day Benjamin and wife conveyed to Smith, by a deed with full covenants, one undivided fourth part of the premises. The consideration for this conveyance expressed therein is $3,500, which is stated to have been paid.

In this deed it is recited that the whole of said premises are covered by the mortgage of $6,500 to Smith, and that an undivided half thereof was subject to an agreement to sell the same to Smith, dated November 7, 1863. The mortgage for $3,000 and the conveyance of an undivided one-fourth part of the premises to Smith were both recorded on the 15th June, 1865, at three o'clock P. M. In 1867 Benjamin and wife conveyed to Smith, by warranty deed with full covenants, an undivided half of the premises, and upon the same day the $6,500 mortgage was canceled of record.

Thus in February, 1867, Edward Smith owned three undi-

vided fourth parts of the premises and also held a mortgage for $3,000, which by its terms covered three undivided fourths. In May, 1874, Benjamin and wife executed a mortgage to the defendant Roberts for $15,000. This mortgage covered one undivided fourth of the premises, which was the part thereof which still remained in Benjamin. This is a sufficient statement of the conveyances and the condition of the record to present the questions raised by the first defense.

The counsel for the defendants urges that the $3,000 mortgage to Smith was merged and extinguished through the conveyances to Smith above mentioned. The $3,000 mortgage covered an undivided three-fourths of the premises. But, as has been seen, on the same day on which the mortgage was executed, Benjamin executed and delivered to Smith a conveyance in fee of one-fourth of the whole premises.

It does not appear which was first executed and delivered, the deed or the mortgage. One of them, however, must have been prepared and executed in fact before the other; and the clear inference is that the mortgage was made in point of time after the deed. If that be so the $3,000 mortgage would not in equity attach to the one-fourth that day sold and conveyed to Smith. And there is a strong inference in that direction, and to the priority of the deed over the mortgage, from the silence of the deed with respect to such mortgage as either made or about to be, whilst it speaks of and enumerates specifically the incumbrances subject to which the conveyance was made, which are stated to be the $6,500 mortgage covering the whole premises and the contract covering an undivided half part thereof.

From this it would follow that it was clearly the intention of the parties that the $3,000 mortgage should, in its lien, be limited to the remaining undivided three-fourths of the premises, of which Smith was still seized, subject to the specific incumbrance and lien mentioned. But afterwards, as has been seen, Benjamin conveyed to Smith an undivided half of the whole premises. This conveyance satisfied the lien of the

contract to sell and the $6,500 mortgage, was canceled, leaving outstanding the $3,000 mortgage.

There is nothing in the evidence to show that this latter mortgage, in whole or in part, furnished any part of the consideration for that conveyance. But by the receipt of that conveyance the mortgage, in so far as that undivided half was concerned, was merged in the deeds, and the remaining right in the mortgagee would be limited to the undivided one-fourth part still remaining in Benjamin, and that is the precise part which is claimed to be subject to the $3,000 mortgage in this action. The possession of this bond and mortgage by the plaintiffs is some evidence that the same has not been in fact paid, and that it was regarded by both parties as a valid and subsisting security, at all times after the above conveyances, is shown by the fact that Benjamin during several years thereafter recognized it as an existing obligation by paying, or promising to pay, the interest accruing thereon, and by inventorying it in the year 1876, in a schedule annexed to his petition in bankruptcy, as a debt at that time owing by him.

Whether an inferior security is merged in one of a higher character depends upon the intentions of the parties, and when equity and justice requires that it should be distinctly kept alive it will not be regarded as merged (*Franklyn* agt. *Hayward*, 61 *How. Pr.*, 43). Smith's mortgage is, then, a valid lien for its face with interest upon the undivided one-fourth part of the premises which remained in Benjamin. And this fact can be no surprise to the subsequent mortgagee as Roberts took his mortgage on this one-quarter with the records before him, which showed that Smith's prior mortgage was still outstanding, and in law and equity he took subject to the prior legal and equitable rights of the first mortgagee. Roberts had no rights to be affected the one way or the other by the conveyance of the one undivided half of the premises to Smith in 1867, as his mortgage was not then in existence, and when he took his mortgage in 1874 the

Smith agt. Roberts.

records contained a notice to him that the conveyance of 1867 was made in pursuance of an agreement made in 1863, and that the consideration for the same was the $6,500 mortgage, then a lien upon it, and which was in fact canceled when the conveyance was delivered. And although as to that one undivided half the $3,000 mortgage ceased to be a lien for the reason that the title thereto had become vested in the mortgagee, there was nothing to show that any part of that mortgage was taken into consideration in the consummation of that transaction. It must, therefore, follow that the plaintiffs' lien for the whole of their mortgage upon the one undivided one-fourth part of the premises is unaffected by the transaction above stated, and that Roberts' lien is not to be preferred in equity to that of the plaintiffs.

This disposes of the first defense adversely to the defendants, and the second defense must share the same fate. The mortgagee Smith was not a necessary party to the action for the foreclosure of Roberts' mortgage. Smith's lien was prior.

In the *Emigrant Industrial Savings Bank* agt. *Goldman*, CHURCH, Ch. J., says: "The rule is settled that the only proper parties to a bill of foreclosure, so far as mere legal rights are concerned, are the mortgagor and mortgagee and those who have acquired rights under them subsequent to the mortgage, and those parties only are affected by the judgment" (75 *N. Y.*, 127–131).

Prior mortgagees are sometimes made parties for the purpose of having the amount of their incumbrances liquidated, and when it is proposed to satisfy all liens upon the mortgaged premises (*Holcomb* agt. *Holcomb*, 2 *Barb.*, 20). But the foreclosure suit of Roberts had no such intention. If it had any purpose at all with respect to Smith's mortgage it was a hostile one. But I can discover no distinct reference to Smith's mortgage in that suit. The most that is claimed by the learned counsel for the defendant in that regard is expressed in the words usually found in complaints for the foreclosure of mortgages, that the defendant Smith "had,

or claimed to have, an interest in or lien upon the mortgaged premises, or some part thereof, but which interest or lien, if any, had accrued subsequently to the lien of the said (Roberts) mortgage and was subordinate thereto." If Smith had a lien subject to the plaintiffs' mortgage it was cut off by the judgment of foreclosure and sale. But under such general language he was not bound to appear in the action and maintain the integrity of his prior mortgage, which was not in words attacked, and the amount of which, even if established, it was not proposed to have paid out of the proceeds of the sale. The lien of his mortgage and its priority over Roberts' mortgage is not, therefore, affected by the judgment in that case.

Upon the whole case judgment is ordered for the foreclosure of the plaintiffs' mortgage, and the necessary decree must be prepared and submitted for signature. A copy of the proposed decree must be served on the other side, with ten days' notice of settlement.