DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## May, 1883.

ANNA M. HOUSE, Respondent, *v.* AMBROSE J. EISEN-
LORD and Others, Appellants.

*Costs — discretion of the court as to, in equity cases — when it will not be reviewed
by the General Term.*

In this action, brought to foreclose a mortgage, it was claimed that the whole
amount had become due by reason of the failure of the mortgagor to pay the
sum of seventeen dollars and fifty cents of interest, within thirty days from
the time it fell due. The court held that the payment of the interest was
deferred with the consent of the plaintiff's agent and in her interest, and
under such circumstances as to prevent her from electing to consider the whole
amount of principal secured by the mortgage as due. It further held that no
sufficient tender of the interest had been made, and directed the usual judg-
ment of foreclosure and sale, for the amount of interest due when the action
was commenced, without costs.

*Held*, that the action of the court in so doing, and in not awarding costs to the
defendant, was not so unreasonable or oppressive as to require the review of
its judgment.

Appeal from a judgment of a Special Term in an action brought
to foreclose a mortgage.

The interest on the mortgage foreclosed, at seven per cent, was
payable semi-annually — eighty-seven dollars and fifty cents on
the first day of November and May in each year, and the principal,
$2,500, five years from the date, May 25, 1879. It contained a
clause providing that if any part of the interest should not be paid

in thirty days after due, the whole principal and interest should, at the option of the mortgagee or assigns, become due.

The parties lived near each other in the same village until shortly before May, 1880, when plaintiff and her husband moved to and have since remained in Kansas.

It was claimed by the appellant that when about moving away they left this bond and mortgage with her agent, to attend to for her, and that, desiring to obtain the whole principal, attention was called to the interest clause, and the plan was then adopted of foreclosing if payment of any interest should be omitted for the thirty days.

On May 27, 1880, the mortgagor paid the agent seventy dollars of the eighty-seven dollars and fifty cents due the first, and offered to get and pay the balance, seventeen dollars and fifty cents, then; but the agent told him he might let the balance go and take his time to pay it. The plaintiff accepted the seventy dollars and ratified the agent's acts. The thirty days having passed, this suit was commenced, the plaintiff claiming that the whole amount had become due by reason of such omission to pay this balance of seventeen dollars and fifty cents.

BOARDMAN, J. :

This action was brought to foreclose a mortgage. By reason of seventeen dollars and fifty cents of interest due May 25, 1880, remaining unpaid more than thirty days, it was claimed that the whole principal became due and the foreclosure was begun, claiming the whole amount was due under a provision of the mortgage so providing. The court finds that the payment of the seventeen dollars and fifty cents was deferred, with the consent of plaintiff's agent and in her interest, under circumstances which prevented the plaintiff from taking any advantage thereof or electing that the whole sum unpaid became due by reason of such default; that the foreclosure is legal and valid for the seventeen dollars and fifty cents which was the only sum due at the commencement of the action; that no sufficient tender of that sum had been made by the mortgagor and that the plaintiff is not entitled to recover costs. The usual judgment of foreclosure and sale was ordered. The defendant appeals, claiming that the action should not have been

sustained and that the complaint should have been dismissed, with costs to defendant.

We do not consider this case unreasonable or oppressive. It is not worthy of imitation. The defendant could at any time have paid the seventeen dollars and fifty cents. No obstacle was interposed. The neglect was his own voluntary act. So far as the plaintiff has attempted to take advantage of it she has been thwarted and has her own costs to pay. The bad faith of her agent and her own have not profited the plaintiff, nor have they harmed the defendant beyond what is due to his own neglect to perform his contract and pay his interest. The plaintiff waited from May till September before the action was brought. The foreclosure for the seventeen dollars and fifty cents was pursuant to law and to the terms of the mortgage contract between the parties, and we think the judgment was proper.

The allowance of costs in equity actions is in the discretion of the trial court. That discretion will not be interfered with on appeal except in case of abuse, which cannot be claimed here, or of palpable error in disregard of recognized equities and rights. (*Morris* v. *Wheeler*, 45 N. Y., 708; *Barker* v. *White*, 1 Abb. Ct. of App. Dec., 95.) In *Noyes* v. *Clark* (7 Paige, 179) it was the *trial court* which exercised its discretion in the matter of costs, not an appeal as here. But in that case costs were not allowed the defendant. The same is true of *Adams* v. *Staton* (1 Bing., 69; S. C., 7 J. B. Moore, 365), a much stronger case for the defendant than the one under consideration, yet no costs were asked for or given to the defendant. The same is true of the case of *Johnson* v. *Houlditch* (1 Burr., 578) which was held to be an oppressive proceeding and for that reason the plaintiff was not allowed any costs. In *Slee* v. *Manhattan* (1 Paige, 49, 81), the mortgagor brought his action to redeem against the mortgagee. Because an unconscionable defense was interposed the trial court against the ordinary rule gave the plaintiffs costs. In *Detillin* v. *Gale* (7 Ves. 584), Lord ELDON says: "It is admitted there is no instance in which a mortgagee has been called upon to pay costs." Such a precedent, he says, "ought to be made upon great consideration." That was a case by a client against his agent and solicitor (his mortgagee) for redemption. The solicitor by his bad faith in the use of

his client's money and in the conduct of the action made heavy costs, a part of which for these reasons were by the *trial court* charged against him. *Pratt* v. *Ramsdell* (7 Abb., 340, *n.*), is a Special Term case, and the decision was by the *trial court.* In *Law* v. *McDonald* (9 Hun, 23) a decision was made, LEARNED, P. J., dissenting, reversing the judgment as to costs because not awarded in accordance with recognized principles of equity. It was considered an extreme exercise of the power of an appellate court. In that case the plaintiff had failed in one cause of action, tried at great length and expense, and succeeded in another. The trial· court charged the defendant with all the costs. In the case before us the defendant is charged with no costs. It was believed that the referee in *Law* v. *McDonald* had granted the plaintiff full costs through inadvertence and because his attention had not been called to the subject.

Had the trial court seen fit to give costs to the defendant this court would not in all probability have disturbed such decision. It would be equally improper to do so now. There was no abuse of discretion. Costs were not given to the mortgagee according to the usual practice of the court. To that extent the discretion was exercised wisely in favor of defendant. Beyond that, the occasion for the litigation being the neglect of duty and failure to perform his promise by the defendant, he was entitled to no special consideration.

The case was properly disposed of by the learned justice at Special Term, and no good reason is apparent for protracting the litigation after the decision at Special Term.

The judgment is affirmed, with costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.