(54 App. Div. 296.)

### BRUSH v. LEVY et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

PARTIES—BRINGING IN NEW PARTY DEFENDANT.

    In a suit in equity to cancel a lease for false representations that defendant had acquired all the right, title, and interest of S. in a lease to the same property, extending over a portion of the time covered by the lease in question, defendant is not entitled to have S. brought in as a party defendant, in order that the relation between defendant and S. may be determined, since such determination is not necessary to the settlement of the issue of fraud between plaintiff and defendant.

Appeal from special term, New York county.

Action by Sarah A. Brush against Sarah Levy. From an order directing that Samuel J. Silberman be brought in as a party defendant, plaintiff and Silberman appeal. Reversed.

The action is brought in equity to vacate and annul a lease made by plaintiff to defendant for premises known as No. 79 Canal street, New York City, for a term of 10 years from May 1, 1900; and the alleged grounds upon which plaintiff asks this relief are that the defendant made false and fraudulent representations, in that she stated that she had acquired all the right, title, and interest of Samuel J. Silberman in and to a certain lease theretofore granted by plaintiff to the firm of H. Silberman & Son. The plaintiff is the owner of the premises, and in 1889 granted a lease of the same to H. Silberman & Son, expiring May 1, 1901. H. Silberman & Son carried on the clothing business at this place down to the time of the death of H. Silberman, and afterwards it was carried on by Samuel J. Silberman under the old firm name. In November, 1894, Silberman sold out the business and good will to the defendant herein; and at the time that the bill of sale was made a lease was also executed by Silberman for a term of five years and six months from the 1st day of November, 1894, so that this lease, by its terms, expired on the 1st day of May, 1900. In August, 1895, Samuel J. Silberman procured from plaintiff a further agreement for a lease for a term of five years, commencing May

1, 1901. At some time prior to the 23d of August, 1897, as plaintiff alleges, Mrs. Levy, the defendant, through her agent, falsely represented that she had succeeded to all the rights of H. Silberman & Son in the lease of the building; and, believing this representation, the plaintiff on August 23, 1897, granted a lease to Mrs. Levy for 10 years, commencing May 1, 1901. It will be seen that the plaintiff executed two leases of the same premises to two different parties, covering a period of five years from May 1, 1901; and upon the ground stated, that the defendant's lease was obtained by misrepresentations, the plaintiff seeks to have it canceled and annulled. The defendant, although she denies the making of any false or fraudulent representations, claims that if Silberman acquired any interest in the premises, it was a fraud upon the rights secured to her by the purchase of the good will, and that in equity he holds the same for her benefit; and, to the end that this question might be determined in the present action, she moved to have Silberman brought in as a party defendant. From the order granting such motion, the plaintiff and Silberman appeal.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ. .

George W. Dunn, for appellant Brush.
Samuel Greenbaum, for appellant Samuel J. Silberman.
Arthur Furber, for respondent.

O'BRIEN, J. That Silberman is not a necessary party is apparent, and it remains but to determine whether he is a proper party to an action wherein the plaintiff seeks to have canceled the lease which it is alleged the defendant procured through fraud. It is not alleged that the plaintiff was a party to the agreement made between the defendant Mrs. Levy and Silberman, or that her rights are in any way affected thereby. What the defendant Mrs. Levy claims is that, even if plaintiff succeeds against her, she (Mrs. Levy), by bringing Silberman in, can have a determination in this same action of the question whether or not she is entitled to all the interest which Silberman secured under his lease from plaintiff. In other words, the defendant Mrs. Levy proposes, in addition to the issue of fraud, which is one between herself and the plaintiff, to introduce an entirely different issue as between herself and Silberman, in which the plaintiff can have no interest. The rule is that the plaintiff may select the forum, the parties to be sued, and the cause to be litigated, and it is only where a complete determination of the action cannot be had that the court will require the presence of such other parties. Code Civ. Proc. § 452. That a determination can be reached between plaintiff and defendant on the issue of fraud, without Silberman, is evident; and it cannot be said that he has any interest in the subject-matter of this action, which relates to a lease made by the plaintiff to Mrs. Levy. If Silberman is brought in, the issue will be entirely different, and, instead of a controversy between plaintiff and Mrs. Levy as to whether the latter procured a lease by fraud, there will be presented the question as to what rights Mrs. Levy acquired when she took the bill of sale and lease from Silberman,—a matter in which the plaintiff has not the slightest interest, and which she would neither be prepared nor expected to litigate. To allow Mrs. Levy to bring in Silberman, nolens volens, and compel him to litigate their differences in this

action, would undoubtedly benefit Mrs. Levy; but as the plaintiff has no interest in these differences, and Silberman has no interest in the subject of plaintiff's action, nor is his presence necessary to a complete determination thereof, the plaintiff's objection to the introduction of issues and parties which as to her are foreign should be sustained. Without considering the question from Silberman's standpoint, as to whether he can be forced into this litigation against his protest, we think, considering the plaintiff's objections alone, that Silberman, on Mrs. Levy's motion, should not have been made a party defendant. If Mrs. Levy can prove that she has suc-ceeded to Silberman's interests in the leases to him, then no misrep-resentation was made, and she has a perfect defense in this action. This she can prove as well without as with the presence of Silber-man. If she fails in her defense, and has some grievance against Silberman, she has her remedy by an independent action. We do not think, however, that, in order to save Mrs. Levy the trouble and expense of another action, the plaintiff should be obliged to amend her complaint in such a way as to permit the introduction of issues to be tried, as between the defendants, in which she, as plaintiff, has no legal interest. The rule that the court favors a course that will avoid multiplicity of actions cannot be extended so as to benefit a defendant at the expense of a plaintiff.

We think the order should be reversed, with $10 costs and dis-bursements, and the motion denied, with $10 costs to the plaintiff and Silberman,—separate bills. All concur.