COMMERCIAL TRUST CO. OF NEW YORK v. PECK et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

MORTGAGES (§ 437*)—FORECLOSURE—PARTIES.

R. W. F., one of two tenants in common of land subject to a $2,500 mortgage, executed a warranty deed, later claimed to be a mortgage, in which his wife joined, conveying his undivided half of the land to his co-tenant, C. C. F. The deed was not recorded till after the record of a later deed by R. W. F. to his wife. After the record of both deeds, the wife conveyed her half to one who mortgaged it to S. for $1,000. C. C. F. thereafter conveyed the entire premises, taking back a mortgage for $30,000. As part of the same transaction an agreement was made with C. C. F., by his purchaser and the holders of the $2,500 and $1,000 mortgages, that the $30,000 mortgage should be a prior lien. Thereafter the R. W. F. undivided half was conveyed by the purchaser from the wife to B., and during the same month judgment was entered in an action by the purchaser from C. C. F. against R. W. F. and his wife and their purchaser, holding the deed by R. W. F. and wife to C. C. F. to be only a mortgage. *Held*, on foreclosure of the $2,500 mortgage, that an application by defendant B. to have C. C. F. brought in as a party defendant, under Code Civ. Proc. § 452, requiring additional parties to be brought in where complete determination of the controversy cannot be had without them, should have been granted, that the rights of all parties might be determined, though the mortgage in suit was admittedly a lien on the entire premises, as, until B. knew whether the $30,000 mortgage was a lien on her half, she could not take proper steps to protect her interests at the sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1290; Dec. Dig. § 437.*]

Appeal from Special Term, Nassau County.

Action by the Commercial Trust Company of New York against Walter A. Peck and others. From a judgment for plaintiff, defendant Maria A. Bird appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BURR, RICH, and MILLER, JJ.

J. Stewart Ross, for appellant.
James C. Cropsey, for respondent.

BURR, J.　This action is brought to foreclose a mortgage for $2,500, made on December 29, 1896, by one Mary Smith to the administrators, etc., of Leonard Mott, deceased, and assigned to the plaintiff on November 8, 1907. Subsequently to the making and recording of said mortgage Mary Smith conveyed the premises to Christopher C. Firth and Robert W. Firth. On December 29, 1896, Robert W. Firth executed a paper which was in form a deed, and in which his wife, Lily L. Firth, joined, which purported to convey his undivided half interest in the premises to Christopher C. Firth. This instrument was not recorded until May 14, 1898. Before that time Robert W. Firth executed another paper, which was in form a deed, which purported to convey his undivided one-half interest in the said premises to his wife, Lily L. Firth. This instrument was dated July 27, 1897, and was recorded November 20th in the same year, nearly six months before the instrument, above referred to, which was made to Christopher C. Firth. Each of these deeds contained full covenants and a warranty. On November 4, 1899, Lily L. Firth executed a paper, in form a deed with full covenants, including warranty, which purported to convey to Frank S. Pilditch an undivided one-half interest in the premises. It was recorded November 8, 1899. On October 3, 1907, the said Pilditch conveyed the said premises, with others, to the defendant Maria A. Bird. While Pilditch claimed to be the owner of this undivided one-half interest through the conveyance above referred to, and on the 8th day of April, 1903, he made a mortgage upon said undivided interest to one Frederick B. Schenck, which mortgage was recorded May 6, 1903. On October 1, 1906, this mortgage was assigned by the said Frederick B. Schenck to the said Frank S. Pilditch, by assignment dated on that day and recorded October 22, 1907, and by an assignment dated October 19, 1907, and recorded October 23, 1907, the same mortgage was assigned to one Ernest J. Wells, who is a party defendant to this action.

On May 26, 1906, by a paper dated and recorded on that day, and which was in form a deed, Christopher C. Firth purported to convey to Walter A. Peck, who is a defendant in this action, the whole, instead of an undivided half, of the mortgaged premises, and the said Walter A. Peck executed and delivered to him a mortgage purporting to create a lien upon the entire premises to secure the payment of the sum of $30,000. In connection with this conveyance an agreement was executed, which, although it was dated on the 16th day of May, 1906, was not acknowledged until some days subsequently thereto, and was recorded upon the same day, and immediately after the deed of conveyance to Peck. This agreement was made between Christopher C.

Firth, Walter A. Peck, Edward H. Fallows as trustee, who was at that time the owner and holder of the mortgage which is sought to be foreclosed in this action, and Frederick B. Schenck, who was at that time the owner and holder of the $1,000 mortgage above referred to, made by Frank S. Pilditch upon the undivided one-half of the property to which he claimed title through the conveyance from Lily L. Firth above referred to. By that agreement Fallows, with the consent of Firth and Peck, agreed to subordinate the lien of the mortgage then held by him, and which is now sought to be foreclosed in this action, to the lien of the said $30,000 mortgage, and Schenck made a similar agreement in regard to the mortgage held by him. Frank S. Pilditch was not a party to this agreement, although at that time he held a deed from Lily L. Firth, purporting to convey to him an undivided one-half part thereof. In October, 1907, in an action in the Supreme Court, brought by the said Walter A. Peck, whose claim to title was under the deed above recited from Christopher C. Firth, and in which action Robert W. Firth, Lily L. Firth, and the said Frank S. Pilditch were defendants, it was adjudged that the said Frank S. Pilditch was the owner of one undivided half part of the premises described in the mortgage in suit herein, and that the instrument made by Robert W. Firth and Lily L. Firth, his wife, to Christopher C. Firth, dated December 29, 1896, although in form a deed, was in fact only a mortgage. Christopher C. Firth and Edward H. Fallows as trustee, who was at that time the owner and holder of the mortgage in suit, were not parties to that action. When this action was commenced, the defendant Maria A. Bird answered, setting up these facts, claiming that the $30,000 mortgage made by Peck is not a lien upon that portion of the premises held by her, and that, while the subordination agreement above referred to may operate to make plaintiff's mortgage a second and subordinate lien to the $30,000 mortgage as to the undivided one-half part owned by him, it can have no effect as to the part owned by her. Said defendant then asked that the said Christopher C. Firth be brought in as a party defendant to the said action, to the end that a full and complete determination of the rights and equities of all of the parties in and to the premises described in plaintiff's mortgage and the respective priorities of the liens thereon might be had.

We think that the defendant should have prevailed in this regard. "The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in." Code Civ. Proc. § 452. It is no answer to say that Christopher C. Firth was not a party to the action brought by Walter A. Peck, in which action it was determined that the conveyance to him was only a mortgage, and that Frank S. Pilditch, the predecessor in title to the defendant Bird, was the owner of one-half part of the premises, and therefore the said Christopher C. Firth is not bound by that adjudication. That is all the more the reason why he should now be brought in and the rights of all of the parties settled. In the agreement executed by Christopher C. Firth,

Peck, and Fallows, although Pilditch was not a party, there appeared recitals as to his claim of ownership in a portion of the said premises, and Schenck, whose only interest was as mortgagee of Pilditch's interest, was a party thereto, and subordinated his mortgage to the $30,000 mortgage.

Again, questions may arise as to whether, even if the instrument delivered to Christopher C. Firth was an absolute conveyance, and not a mortgage, Lily L. Firth and her grantees may not have acquired superior rights by reason of the fact that her conveyance was first recorded. As the case now stands, the defendant Bird cannot intelligently protect her interests under the judgment entered herein, which directs a foreclosure of plaintiff's mortgage and a sale of the property in a single parcel, nor can she bid intelligently at such sale. If she is an owner of one undivided half part of the property, and the $30,000 mortgage is not a lien upon that portion thereof, she can come in and discharge her property from the lien of plaintiff's mortgage by paying a proportionate part thereof. Until the question of the respective rights of the parties to such property is determined, no one can bid intelligently at the sale, because it is impossible to tell whether one undivided half part is to be sold subject to, and the other free from, the lien of the said $30,000 mortgage, or whether the whole is subject to the same. It is no answer to say that, as the amount due on the mortgage now held by the plaintiff is conceded, it should not be delayed in enforcing its claim while the rights and equities of the various parties claiming an interest in the land are settled and determined. It was, in part at least, through the acts of the former owner of the mortgage which plaintiff now seeks to foreclose that this complication has arisen.

The judgment appealed from should therefore be reversed, and Christopher C. Firth should be brought in as a party defendant to this action, and the rights, interests, and equities of all of the parties claiming an interest in the mortgaged premises, and the respective priorities of their liens thereon, and the order of the sale thereof, should be settled and determined before any judgment of foreclosure and sale is entered.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur. JENKS, J., taking no part.