---

(153 App. Div. 140.)

QUINLAN v. PRENTICE et al.

(Supreme Court, Appellate Division, First Department. November 15, 1912.)

MORTGAGES (§ 437*)—FORECLOSURE—PARTIES.

In the foreclosure of a third mortgage on certain premises on which one defendant, as receiver and trustee in bankruptcy, held the fifth mortgage, such defendant was entitled to an order requiring plaintiff to bring in as a party defendant the holder of the first mortgage, to the end that the bidders at the foreclosure sale could know precisely the amount of the liens subject to which the property was to be sold.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1290; Dec. Dig. § 437.*]

Ingraham, P. J., and Laughlin, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Estelle Quinlan against Ezra P. Prentice, as receiver and trustee in bankruptcy, etc., impleaded with others. From an order made on application of defendant Prentice as receiver and trustee in bankruptcy, requiring plaintiff to bring in as a party defendant the Hudson Mortgage Company, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Benjamin N. Cardozo, of New York City (Benjamin M. Kaye, of New York City, on the brief), for appellant.

Selden Bacon, of New York City (Saul S. Myers, of New York City, on the brief), for respondent.

McLAUGHLIN, J. It is unnecessary to state the facts, since they are set forth in the opinion of Mr. Justice LAUGHLIN. The authorities there cited, as it seems to me, when applied to the conceded facts, require an affirmance of the order. The trustee in bankruptcy is entitled to know just how much there is due upon the first mortgage; otherwise, he is not in a position to bid intelligently at the sale. It is alleged that, while the first mortgage is nominally for $300,000, it is in fact for, and there is only due, $260,000. Under such circumstances, the action being in equity, the court was justified in requiring the plaintiff to bring in the Hudson Mortgage Company, to the end that the whole controversy respecting the liens upon the land in question might be settled. I do not see how full and complete justice can be done to all of the parties unless this course be adopted.

In Sutherland v. Lake Superior Co., 1 Cent. Law J. 127, the court, speaking of the propriety of making a prior lienor a party, said:

"It is not enough that a court of equity causes nothing but the interest of the proper party to change owners. Its decree should terminate, and not instigate, litigation. Its sales should tempt men to sober investments, and not to wild speculation. Its process should act upon known and definite interests, and not upon such as admit of no medium of estimation. It has the means of reducing every right to certainty and precision, and is therefore bound to employ these means in the exercise of its jurisdiction."

While this case was reversed in the United States Supreme Court (sub nom. Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136), on the ground that the facts, as found, did not show the existence of any doubts concerning the validity and extent of the prior liens, nevertheless it approved of the rule, saying:

"And so, when there is substantial doubt respecting the amount of the debts due prior lien creditors, there is obvious propriety in making them parties, that the amount of the charge remaining on the land after the sale may be determined, and that purchasers at the sale may be advised of what they are purchasing."

To permit a sale so long as the amount due on alleged prior liens remains uncertain is to deprive would-be purchasers of knowledge enabling them to bid intelligently; in other words, if the trustee in bankruptcy, in order to protect his lien, bids at the sale, he must either assume that there is due the Hudson Mortgage Company $300,-

000, or else take his chances in subsequent litigation having for its object the reduction of that lien to $260,000. This is a position which a court of equity ought not to compel him to take. Full justice can be meted out to all of the parties by requiring the Hudson Mortgage Company to be brought in as a party defendant to this action. The rights, interests, and equities of all of the parties claiming an interest in the mortgaged premises, and the respective priority of their liens thereon, should be settled and determined, before any judgment of foreclosure and sale is entered. Commercial Trust Co. v. Peck, 135 App. Div. 732, 119 N. Y. Supp. 946; Metropolitan Trust Co. v. Tonawanda R. R. Co., 43 Hun, 521, affirmed on opinion below 106 N. Y. 673, 13 N. E. 937. Otherwise, the sale becomes a mere speculation, both as to what is sold and what is purchased.

The foregoing views are in no way in conflict with what was held in Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66, Brush v. Levy, 54 App. Div. 296, 66 N. Y. Supp. 700, and Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748. In the Jacobie Case the holder of a prior mortgage was made a party defendant, and the complaint alleged the existence of such prior mortgage, and in the prayer for relief asked that the amount due thereon be ascertained and first paid out of the proceeds of sale. The owner of the prior mortgage suffered default. The judgment rendered followed the prayer for relief, and it was held that the holder of the prior mortgage was concluded by the judgment, and could not thereafter maintain an action to foreclose his mortgage.

In the Brush Case the action was brought to annul a lease made by plaintiff to defendant, upon the latter's alleged false representation that she had acquired title to a prior lease of the premises covering a portion of the demised term. It was held that the prior lessee would not be made a party against the will of the plaintiff, in order to allow the defendant to litigate differences arising between her and such prior lessee as to what rights defendant took under a bill of sale and sublease executed to her by the prior lessee, in which the plaintiff had no interest.

All that was held in the Lester Case was that where adjoining parcels of land, owned by different persons, were occupied as a single parcel for hotel purposes, and the department of public works furnished water to the hotel with the knowledge of the different owners, the charge for which became a lien on the entire property, the owner of one parcel might, without first paying the entire charge, maintain an action in equity against the owners of the other parcels to obtain an apportionment thereof.

The order appealed from is right, and should be affirmed, with $10 costs and disbursements.

CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). This action was commenced in the month of December, 1911, to foreclose a third mortgage on premises known as Nos. 127 and 131 West Twenty-Fifth street, borough of

Manhattan, New York. The Hudson Mortgage Company, which the order requires the plaintiff to bring in as a party, is the owner and holder of a first mortgage, which was given to secure a building loan, and on its face it is for $300,000. Prentice, as receiver and trustee in bankruptcy, is the owner and holder of a fifth mortgage, given to the bankrupt to secure the payment of $43,000, and his object in applying for the order was to have the amount secured by the first mortgage, which he contests, determined in this action, to the end that the bidders at the foreclosure sale will know precisely the amount of the liens, subject to which the property is to be sold.

The moving papers show, among other things, that the Hudson Mortgage Company brought an action, which is still pending, for the foreclosure of its mortgage, alleging that the whole amount thereof was due and unpaid; that in that action an answer was interposed by this plaintiff, or one Wood, her assignor, through the attorney who appears for the plaintiff in this action, claiming that the mortgage of the plaintiff in that action was a building loan mortgage, and that only the sum of $260,000 had been advanced thereon, and that therefore it was a lien only for that amount; that, upon this partial defense being interposed, that action was allowed to stand, and was not brought to trial, or noticed for trial, until the October term, 1912; that Wood owned a second mortgage on the premises. of which there remains due and unpaid $24,575, and interest from June 12, 1911, and the mortgage, to foreclose which this action is brought, upon which there is due and unpaid the sum of $20,000 and interest from the same date, and the fourth mortgage, upon which there is due and unpaid, with interest from the same date, the sum of $5,000; that he brought an action to foreclose the second mortgage, which evidently is still pending, and that, in order not to bring two foreclosure actions in his own name, he assigned the mortgage which is the third lien on the premises to the plaintiff, who was his stenographer, and evidently had no interest therein; that if a judgment of foreclosure and sale should be decreed herein, without bringing in the Hudson Mortgage Company and determining the amount of its lien, the bidders will be obliged to assume that the amount of said mortgage may be established at its face, whereas it may be subsequently decided, in the action to foreclose that mortgage, that it is a lien only to the extent of $260,000, in which event the purchaser on the foreclosure of this mortgage will profit by the difference; and that it is improbable that the premises will sell, subject to the Hudson Mortgage Company's mortgage as a $300,000 mortgage, for sufficient to enable the trustee in bankruptcy to receive any part of the indebtedness secured by the fifth mortgage, but that if the Hudson Mortgage Company is brought in as a party, and it shall be decided that its mortgage is a lien for $260,000 only, then it is probable that the premises will bring sufficient to pay a large part, if not all, of the indebtedness secured by the fifth mortgage. It does not appear, otherwise than as I have stated, who were made parties defendant in the other foreclosure action; but as the

bankrupt, or as the trustee in bankruptcy, were necessary parties, it is to be presumed that they are before the court.

The respondent Prentice, as receiver and trustee, alleged in his answer that the first mortgage is a lien for only $260,000, and that after an answer was interposed in the action to foreclose it, presenting that claim, the plaintiff in this action, by collusion with the first mortgagee, brought this action, with a view to cutting off the fifth mortgagee before an adjudication could be had on that question. It would not be proper to express an opinion with respect to the merits of the claim concerning the amount of the lien of the Hudson Mortgage Company's mortgage, since that company is not before the court. Suffice it to say that the contention made in behalf of the trustee in bankruptcy appears to be made in good faith, and that the facts and circumstances indicate that it may be well founded.

The learned counsel for the appellant contends broadly that the court is without power to compel the plaintiff to bring in the Hudson Mortgage Company, and it is further contended that the order should not have been made, even if it was within the jurisdiction of the court. It appears that the first mortgage was due, and that an action for its foreclosure was pending, which the plaintiff did not see fit to press. With the first mortgage due, if the mortgagee did not see fit to bring an action to foreclose it, or even with such an action pending, a junior mortgagee, on foreclosing his mortgage, could make the first mortgagee a party, to the end that the property may be sold free and clear of all incumbrances or subject to the lien of the first mortgage, the amount of which would be adjudicated by the decree. Metropolitan Trust Co. v. Tonawanda Valley Co., 43 Hun, 521, affirmed 106 N. Y. 673, 13 N. E. 937; Guilford v. Jacobie, 69 Hun, 420, 23 N. Y. Supp. 462. See McGown v. Yerks, 6 Johns. Ch. 450; Emigrant Industrial Svgs. Bk. v. Goldman, 75 N. Y. 127; Smith v. Roberts, 62 How. Prac. 196.

The respondent did not even ask to have the first mortgagee brought in with a view to having his lien satisfied, but only to have the amount thereof determined. It has been held by numerous decisions of the federal courts that it is proper to make the first mortgagee a party to a foreclosure of a junior mortgage, even though his mortgage be not due, for the purpose of having the amount of the lien thereof judicially determined, to the end that bidders may know precisely the amount of the lien, subject to which they may be required to take title. Sutherland v. Lake Superior Co., 1 Cent. Law J. 129, 9 Nat. Bankr. R. 298, 305, 23 Fed. Cas. 459, No. 13,643; s. c., sub nomine Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136; Caldwell v. Taggert, 4 Pet. 190, 7 L. Ed. 828; Parsons v. Robinson, 122 U. S. 112, 121, 7 Sup. Ct. 1153, 30 L. Ed. 1122.

The appellant contends that she is not interested in the determination of the question raised by the respondent with respect to the amount of the lien of the first mortgage, and she objects to the delay of the trial of this action incident to bringing in the first mortgagee. It also appears that the attorney for the first mortgagee has stated that his client objects and will contest being brought in to litigate

the amount of its mortgage. The only authority under our practice for bringing in a party not named in the summons is section 452 of the Code of Civil Procedure which provides as follows:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complainant demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

No decision has been cited, and we have found none, construing these provisions as either requiring or authorizing the court to compel a plaintiff in a foreclosure action to bring in a senior mortgagee, against whom he demands no relief, as a party defendant, and the weight of judicial opinions is against such construction. Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66; Brush v. Levy, 54 App. Div. 296, 66 N. Y. Supp. 700; Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748.

It follows that the order should be reversed, and the motion denied.

INGRAHAM, P. J., concurs.